**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE: BPS DIRECT, LLC, | ) | |
| AND CABELA'S, LLC, | ) | MDL Docket No. 3074 |
| WIRETAPPING LITIGATION | ) | |

---

**INTERESTED PARTY RESPONSE IN SUPPORT OF MOTION FOR TRANSFER OF
RELATED ACTIONS TO THE EASTERN DISTRICT OF PENNSYLVANIA
PURSUANT TO 28 U.S.C. § 1407**

---

## I.    INTRODUCTION

Plaintiff Timothy Durham, Plaintiff in the action *Timothy Durham v. Cabela's LLC*, Case No. 2:23-cv-01630-GW-KES, pending before the United States District Court for the Central District of California, seeks transfer and assignment of *Tucker v. BPS Direct, LLC et al.*, Case No. 6:22-cv-03285-SRB (W.D. Mo.) ("Tucker Action"), *Calvert v. Cabela's LLC*, Case. No. 22-01460 (W.D. Pa. Oct. 14, 2022) ("Calvert Action"), *Cornell v. BPS Direct, L.L.C. d/b/a Bass Pro Shops*, Case No. 1:23- cv-20 (W.D. Pa. Feb. 1, 2023) ("Cornell Action"), *VonBergen v. BPS Direct, LLC*, Case No. 2:22-cv04709-KBH (E.D. Pa. Nov. 23, 2022) ("VonBergen Action*"), Moore v. BPS Direct, LLC.*, Case No.22-01951 (S.D. Cal. Dec. 9, 2022) ("Moore Action"), *Montecalvo v. Cabela's Inc.*, Case No. 1:22- cv-11837-NMG (D. Mass Oct. 27, 2022) ("Montecavlo Action"), and the *Durham* action (C.D. Cal. Mar. 5, 2023) to the United States District Court for the Eastern District of Pennsylvania before the Honorable Kelley Brisbon Hodge pursuant to 28 U.S.C. § 1407 ("Section 1407") and Rule 6.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. In the alternative, Plaintiff Durham suggests consolidation in the Western District of Pennsylvania before the Honorable William S. Stickman, IV.

Accordingly, Plaintiff respectfully moves this Judicial Panel on Multidistrict Litigation ("Panel") for an Order pursuant to 28 U.S.C. §1407 for consolidated pre-trial proceedings to the

United States District Court for the Eastern District of Pennsylvania before Judge Kelley Brisbon Hodge.

## II.    BACKGROUND

Plaintiff Durham, along with other Plaintiffs across the country, have filed suit against Defendants for its improper wiretapping and the subsequent illegal interception of Plaintiffs' electronic communications. Plaintiff Durham alleges that Defendant Cabela's, LLC unlawfully wiretaps the electronic communications of visitors to Defendant's national website—www.cabelas.com—by embedding a snippet of JavaScript computer code ("Session Replay Code") on its website for the purpose of intercepting and recording its website visitors' electronic communications, including their mouse movements, clicks, keystrokes, URLs of web pages visited, and/or other electronic communications in real time. The *Durham* Action is related to six other actions, in five distinct jurisdictions, all of which allege that Cabela's, LLC, Cabela's Retail Mo, LLC and/or BPS Direct, LLC ("BPS"), (collectively "Defendants") surreptitiously intercepted, disclosed, and/or wiretapped the electronic communications of visitors to their websites, www.cabelas.com and www.basspro.com. Plaintiffs in each of the Related Actions further allege that Defendants' use of Session Replay Code to intercept the website communications of visitors to their websites is violative of various federal privacy laws, two-party consent state wiretapping laws and state common law. As such, each of the Related Actions alleges a common set of factual allegations regarding Defendant's unlawful deployment and use of Session Replay Code on www.cabelas.com and www.basspro.com.  And, as a result, thousands of individuals across the country have been harmed.

The Eastern District of Pennsylvania is the appropriate transferee forum given there is no center of gravity and notably, three of the seven related actions are currently being litigated in this

State with one pending in the Eastern District of Pennsylvania. Moreover, the Eastern District of Pennsylvania has a relatively light case docket and can efficiently move the cases forward. Accordingly, the Eastern District of Pennsylvania is the most appropriate transferee forum. Alternatively, Plaintiff Durham submits that the Western District of Pennsylvania and Judge William S. Stickman, IV, would be the appropriate transferee forum.

### III.  LEGAL STANDARD

Actions containing allegations with common questions of fact may be transferred and consolidated under § 1407 if transfer will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of the transferred cases. 28 U.S.C. § 1407. The Panel typically considers the following four factors in deciding whether to transfer a case under § 1407: a. the elimination of duplication in discovery; b. the avoidance of conflicting rules and schedules; c. the reduction of litigation cost; and d. the conservation of the time and effort of the parties, attorneys, witnesses, and courts. *See* Manual for Complex Litigation (Fourth) § 31.131 (2004) (citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968)). These factors favor consolidation and transfer to the Eastern District of Pennsylvania.

### IV.  ARGUMENT

**A.  The Litigation Satisfies the Requirements for Consolidation and Transfer Under 28 U.S.C. § 1407.**

Pretrial transfer and consolidation under § 1407 are appropriate and necessary here. The cases filed against Defendants named in this JPML  are numerous and involve the same allegations and legal standards. All of the actions allege violations of state and federal statutes, as well as common law principles, against Defendants based on their illegal, surreptitious wiretapping. All of the actions generally seek certification of a similar class of persons. Unless these cases are

3

consolidated, the parties will incur excessive costs due to duplicative discovery and will face the risk of inconsistent rulings on a variety of matters.

### 1. The Litigation Involves Common Questions of Fact.

In assessing the appropriateness of consolidation under § 1407, the Panel looks to the pleadings to determine the extent to which common questions of fact are present. The complaints in these cases clearly present common questions of fact. Each complaint is based on allegations that Defendants Cabela's and BPS, through their illegal wiretapping, unlawfully intercepted the website communications of visitors to  websites through the use Session Replay Code, resulting in damages to plaintiffs and the punitive class members. Each of the Related Actions pleads similar facts and similar common law and statutory theories.

### 2. The Parties Face Duplicative Discovery Absent Transfer and Consolidation.

Because the factual and legal allegations in each of the cases are so similar, the parties face duplicative discovery if the cases are not consolidated and transferred. This is an important consideration for the Panel in that transfer and consolidation "ensure that the actions are supervised by a single judge who, from day-to-day contact with all aspects of the litigation, will be in the best position to design a pretrial program that will prevent duplicative discovery . . . and substantially conserve the time and efforts of the parties, the witnesses and the federal judiciary." *In Re Resource Exploration Inc. Sec. Litig.*, 483 F. Supp. 817, 821 (J.P.M.L. 1980). The parties in these actions will necessarily engage in duplicative discovery. All plaintiffs will seek the same documentation from Cabela's and BPS and will likely request to depose the same witnesses. In response, these Defendants will raise the same class certification objections and discovery objections, seek the same protective orders, and assert the same privileges in each case. However, if the Panel

consolidates and transfers the cases, the parties will be able to coordinate their efforts and thus save all parties— and the courts—time and money.

### 3. Transfer and Consolidation Will Prevent Inconsistent Pretrial Rulings.

The Panel considers the possibility of inconsistent rulings on pretrial issues because of the possible res judicata or collateral estoppel effects on other cases. See *In re Enron Securities Derivative & ERISA Litig.*, 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002) (granting a transfer in part to prevent inconsistent pretrial rulings, particularly with respect to questions of class certification). Because of the similarity of the allegations in the complaints, and the likelihood that future filed actions will contain the same or similar allegations, the possibility of inconsistent rulings on pretrial motions is substantially increased. Defendants are likely to present the same pretrial motions in each action and assert the same discovery objections and privileges.

### B.   Centralization in the Eastern District of Pennsylvania is Appropriate.

The related actions should be consolidated in the Eastern District of Pennsylvania because the Honorable Kelley Brisbon Hodge is an extremely qualified jurist capable of handling the complexity of an MDL, and the Eastern District of Pennsylvania is capable of handling an MDL of this magnitude.

*First*, Plaintiff Durham agrees with other Plaintiffs that centralization of the matter is appropriate. In the present case centralization is appropriate because: (1) common questions of fact and legal issues are presented by the related actions; (2) transfer would be convenient to the parties and would prevent duplicative discovery; and (3) transfer promotes just and efficient conduct in the related actions. Transfer is appropriate when it serves "the convenience of parties and witnesses" and when it "promote[s] the just and efficient conduct" of the actions." 28 U.S.C. § 1407(a). Accordingly, Plaintiff Durham believes that centralization of the Related Actions

included within *In re: BPS Direct, LLC, and Cabela's LLC, Wiretapping Litigation* is appropriate, pursuant to 28 U.S.C. §1407.

**Second**, and importantly**,** the Honorable Kelley Brisbon Hodge is an extremely well qualified jurist and she is extremely capable of handling the consolidated proceedings. Prior to becoming a judge, Judge Brisbon Hodge was a trial attorney and compliance advisor with decades of experience in the areas of higher education, investigations, school safety, civil rights, labor and employment, criminal law and state and federal policymaking.[1] Notably, as the City of Philadelphia's first African-American District Attorney, Judge Brisbon Hodge has an extensive amount of experience litigating complex criminal matters, which sometimes involve wiretapping and privacy issues.[2] Moreover, she has extensive experience in federal regulatory compliance and also served as the Title IX Coordinator for the University of Virginia.[3] Accordingly, Judge Brisbon Hodge is qualified jurist that is capable of handling this litigation in an efficient, and effective manner. Presently, there are no MDLs pending before Judge Brisbon Hodge; and, therefore, she would have the time and resources to dedicate to an MDL of this magnitude.

**Lastly**, the Eastern District of Pennsylvania is the most appropriate transferee forum because it has a relatively light case docket and can efficiently move the cases forward.  For example, the Eastern District of Pennsylvania has more favorable docket conditions when compared to the national average. The Eastern District of Pennsylvania has 22 judgeships with

---

[1] Kelley B. Hodge, *Lawline*, https://www.lawline.com/lawyer/kelley-b-hodge (last accessed Ma. 3, 2023).

[2] Layla A. Jones, *Board picks Kelley Hodge as Interim D.A.*, THE PHILADELPHIA TRIBUNE, https://www.phillytrib.com/board-picks-kelly-hodge-interim-d-a/article_bdb923f4-6a22-5691-ace3-cc119201d78b.html (last accessed Mar. 8, 2023).

[3] Kelley B. Hodge, *Lawline*, https://www.lawline.com/lawyer/kelley-b-hodge (last accessed Ma. 3, 2023).

295 actions per judgeship, compared to the national average of 570 actions per judgeship.[4] Further, The Eastern District of Pennsylvania averages 6.7 months from the time of filing to disposition, as opposed to the national average of 10.4 months.[5] As such, transferring the Related Actions to the Eastern District of Pennsylvania is unlikely to impose a great burden on the judges of this District. The Eastern District of Pennsylvania is also centrally located on the East Coast and has direct access to a major U.S. airport in Philadelphia, Pennsylvania.

Therefore, the balance of convenience and efficiency favors consolidation and transfer to the Eastern District of Pennsylvania before the Honorable Brisbon Hodge for pretrial proceedings.

## V.     ALTERNATIVE ARGUMENT

Should this Court determine consolidation is appropriate, but in a forum separate from the Eastern District of Pennsylvania, Plaintiff Durham suggest consolidation in the Western District of Pennsylvania before the Honorable William S. Stickman, IV. Judge Stickman has experience presiding over wiretapping matters. *See Popa v. Harriet Carter Gifts, Inc. et al*, Case No. 2:19-cv-00450 (W.D. Pa.). To Plaintiff Durham's knowledge, Judge Stickman is not currently presiding over any MDLs. Thus, as an alternative to the Eastern District of Pennsylvania, Plaintiff Durham respectfully request that the Panel transfer the Related Actions to the Western District of Pennsylvania for centralization and coordination of pretrial proceedings before Judge Stickman.

## VI.     CONCLUSION

For the reasons described herein, pursuant to 28 U.S.C. § 1407, Plaintiff Durham respectfully requests that this Panel transfer the *In re: BPS Direct, LLC, and Cabela's LLC, Wiretapping Litigation* to the Eastern District of Pennsylvania for pretrial proceedings before the

---

[4] *See United States District Courts –Nat'l Judicial Caseload Profile* (June 2022), https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0630.2022_0.pdf
[5] *Id.*

7

Honorable Kelley Brisbon Hodge. In the alternative, Plaintiff Durham suggests consolidation in the Western District of Pennsylvania before the Honorable Judge William S. Stickman, IV.

Dated: March 13, 2023.

*/s/ MaryBeth V. Gibson*
MaryBeth V. Gibson
Georgia Bar No. 785243
**THE FINLEY FIRM, P.C.**
3535 Piedmont Rd.
Building 14, Suite 230
Atlanta, GA  30305
Phone: (404) 978-6971
Fax: (404) 320-9978
mgibson@thefinleyfirm.com

Francis J. Flynn, Jr.
**LAW OFFICE OF FRANCIS J. FLYNN, JR.**
6057 Metropolitan Plaza
Los Angeles, CA 90036
314-662-2836
Email: casey@lawofficeflynn.com

*Counsel for Plaintiff Timothy Durham*